JON M. SANDS
Federal Public Defender
DEIRDRE MARIAN MOKOS
Assistant Federal Public Defender
Arizona State Bar No. 016268
Deirdre_Mokos@fd.org
407 W. Congress, Suite 501
Tucson, AZ  85701-1355
Telephone: (520)879-7500, Fax: (520)879-7600
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR19-2426-TUC-JAS (MSA) |
| Plaintiff, | **MOTION TO MODIFY CONDITIONS OF RELEASE** |
| vs, | |
| Sergio Armenta-Sanchez, | |
| Defendant. | |

Due to these dire pandemic times with COVID-19, the Courts have been adjusting for the benefit and safety of all.  Defendant, Sergio Armenta Sanchez, has a wife and daughter in Mexico.  They are frightened and so is he.  They should be together.  Therefore, Mr. Armenta, by and through undersigned counsel, respectfully moves this Court to modify his conditions of release as follows:

1) Defendant requests to live to Nogales, Sonora, Mexico to be with his family at a time that they should not be apart. Defendant requests to do so as soon as possible.  His wife and child are understandably terrified and they can better function as a family and make difficult decisions if they are together (e.g., the child can stay home with one parent while the other buys food);

2) Pretrial Services Officer, Alexander Chavez, has been contacted and objects because it would render Pretrial Services unable to effectively supervise him as we were ordered to do so by the Court. Specifically, Pretrial Services does not conduct any type of in-person visits in Mexico so we could not account for his whereabouts or conduct in the

1

community, **but see "b)" below – there haven't been any in-person visits in 2.5 months** which is understandable because Mr. Armenta is not a problem;

   a) Counsel contacted the Pretrial Services Officer to inquire how often and how/where in-person visits are conducted, but did not receive a response.

   b) Counsel likewise inquired with Mr. Armenta. Mr. Armenta reports that the presently assigned Pretrial Services Officer has never been to his residence and that the officer has not requested that Mr. Armenta report to the office since he took over in mid-January, about 2.5 months ago. That is, in the last 2.5 months while Mr. Armenta was available for in-person visits <u>zero</u> have occurred. Counsel submits that there is no reason that in-person visits need to start at this time, or potentially for the next couple of months, especially given social distancing and the exigent circumstances presented by COVID-19, and because they have not been happening anyway.

3) Essentially, counsel is requesting the Court to find that under the exigent circumstances – due to the pandemic, Mr. Armenta is not in need of typical supervision. Plus, per Pretrial Services, aside from returning a day late from travel due to long lines at the POE, Mr. Armenta has had no issues on supervision "[n]one at all. Compliance thus far on supervision." Finally, in-person visits have not been required in the past 2.5 months.

4) Counsel has had other clients successfully live in Mexico under much less exigent circumstances – clients on both Pretrial supervision and while on supervised release or probation.

5) Assistant U.S. Attorney, Patrick T. Barry, is opposed due the reason cited by Pretrial (but when he provided his position counsel did not know, and therefore did not apprise him of the fact that there have been zero in-person visits in 2.5 months);

6) Mr. Armenta will cross the border only once – to go home to care for his family – until he is required to return.

7) Mr. Armenta maintains <u>excellent contact</u> with counsel both via email and phone.

      RESPECTFULLY SUBMITTED: March 31, 2020.

                      JON M. SANDS
                      Federal Public Defender

                      *s/ Deirdre Marian Mokos*
                      DEIRDRE MARIAN MOKOS
                      Assistant Federal Public Defender